

FILED
NOV 12 2020
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JANE DOE,

    Plaintiff,

v.

CHAD F. WOLF, *in his capacity as acting Secretary of the Department of Homeland Security*,

    Defendant.

---

Civil Action No. 20-cv-

Chief Judge Beryl A. Howell

Case: 1:20-cv-03299   (B Deck)
Assigned To : Friedrich, Dabney L.
Assign. Date : 10/30/2020
Description: Personal Injury/Malpractice

## MEMORANDUM AND ORDER

Plaintiff, a victim of domestic violence who has sought to prevent her personal information from becoming public, has moved to proceed under a pseudonym, Pl.'s Mot. to Proceed Anonymously ("Pl.'s Mot.") at 1, in her instant action alleging invasion of privacy and violation of the Privacy Act, 5 U.S.C. § 552. Compl. ¶¶ 21–27. For the reasons set forth below, the Court will grant plaintiff's motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

## I.     BACKGROUND

Plaintiff in this action is a United States citizen who resides in New Jersey and participates in a program that enables victims of domestic violence to maintain "special protected address[es]." Pl.'s Mem. in Supp. of Mot. to Proceed Anonymously ("Pl.'s Mem.") at 2. Plaintiff was previously married to a non-United States citizen with permanent resident status who "threatened her and brandished a rifle toward her" when she refused to cooperate in his efforts to obtain United States citizenship." *Id.* at 1–2. Plaintiff and her ex-husband

---

[1]    Under Local Civil Rule 40.7(f), the Chief Judge shall "hear and determine . . . motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint." LCvR 40.7(f).

1

divorced in 2004. *Id.* at 2. She later moved to New Jersey and entered the protection program for victims of domestic violence after she was informed by the Department of Homeland Security's (DHS) "Fraud Detection and National Security Directorate (FDNS) that [her ex-husband] was 'a dangerous man.'" *Id.*

In April 2017, plaintiff reported concerns about her former husband's actions and immigration status through DHS's Victims of Immigration Crime Engagement ("VOICE") hotline, which was intended to "provide proactive, timely, adequate, and professional services to victims of crimes committed by removable aliens." *Id.*; Compl. ¶ 13. According to plaintiff, DHS indicated on its website "that it would not disclose information provided through the VOICE hotline, that callers to the VOICE hotline would remain anonymous, and that DHS would protect their information," and she was provided "additional preliminary assurances of confidentiality over the phone." Pl.'s Mem. at 2. Plaintiff provided her name and other personal information when she called the VOICE hotline. *Id.*; Compl. ¶ 13. According to plaintiff, DHS "posted detailed call logs" of her call on its website, which remained available for over five months. Compl. ¶ 15. In response to FOIA requests, DHS also released information about plaintiff, including her name, to at least one news outlet. *Id.* ¶¶ 16–19. Plaintiff's complaint asserts common law invasion of privacy and Privacy Act, 5 U.S.C. § 552, claims in connection with the disclosure of her personal information. *Id.* ¶¶ 21–27.

## II.  LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full

residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Nevertheless, courts have, in special circumstances, permitted a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy and identifying the consequences that would likely befall it if forced to proceed in its own name." *Id.* Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III. DISCUSSION

At this early stage of the litigation, this Court is persuaded that plaintiff has met her burden of showing that her privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation.

First, plaintiff is seeking to protect "sensitive" personal information is not attempting to proceed under pseudonym "merely to avoid . . . annoyance and criticism." *In re Sealed Case*, 931 F.3d at 97. The name and address of a plaintiff might not usually be considered sensitive but are in this case because plaintiff is in a state program to protect her identity and

4

has gone to significant lengths to keep her personal information private due to her fear of physical harm.

Second, plaintiff harbors a well-founded fear that the release of her personal information will expose her to "retaliatory physical . . . harm." *Id.* She says that her ex-husband "repeatedly threatened" her, including with a firearm, and that FDNS informed her that her ex-husband was "dangerous." Pl.'s Mem. at 2, 5. The Complaint centers around plaintiff's call to DHS aimed at challenging his immigration status, which is the same kind of behavior that allegedly led him to threaten her in the past. Pl.'s Mem. at 4–5. This factor weighs strongly in favor of allowing plaintiff to proceed anonymously.

Third, the age of the person whose privacy interests are at stake do not weigh significantly in favor of anonymity. Plaintiff mentions that she lives with her child but does not give the age of her child or describe how her child might also be at significant risk. *Id.* at 5.

Fourth, the fact that this suit is against the government weighs in favor of denying plaintiff's motion, but only slightly. "[T]here is a heightened public interest when an individual or entity files a suit against the government," as plaintiff has here. *In re Sealed Case*, 971 F.3d at 329. The public interest in proceedings against the government is not particularly great in this case, however, because plaintiff does not "seek[ ] to alter the operation of public law both as applied to [her] and, by virtue of the legal arguments presented, to other parties going forward." *Id.* Instead, she seeks to vindicate only her own rights in what is, essentially, a tort suit.

Fifth, the risk of unfairness to the opposing party is nonexistant. Defendant already has plaintiff's personal information in connection with the incident at the heart of this suit,

and plaintiff "has already presented a detailed demand to the agency headed by the Defendant, which included her name and plenty of detail that would allow the Defendant to pursue any discovery he thinks relevant." Pl.'s Mem. at 7. This factor also weighs in favor of allowing plaintiff to proceed under a pseudonym.

Defendant has a well-founded fear of retaliatory physical harm and is seeking to proceed under pseudonym to protect personal information that, given the nature of her fears, is sensitive. Weighed against the minimal apparent interest in public disclosure, plaintiff's significant interest in maintaining her anonymity at this early stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings.

## IV.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Motion to Proceed Anonymously is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and the case may proceed using the "Jane Doe" for plaintiff; it is further

**ORDERED** that any filing containing plaintiff's full name and address shall remain under seal until further order of the Court; and it is further

**ORDERED** that defendant is prohibited from publicly disclosing the plaintiff's identity or any personal identifying information that could lead to the identification of plaintiff by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: November 12, 2020

_____
BERYL A. HOWELL
Chief Judge