UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>      *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      *Defendant*. | No. 20-cv-3299 (DLF) |

**MEMORANDUM OPINION**

Jane Doe, proceeding pseudonymously, brings this action against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, *et seq*.[1] Before the Court is the government's Motion to Dismiss. Dkt. 15. For the reasons that follow, the Court will grant the motion.

## I. BACKGROUND[2]

Doe is a United States citizen who currently resides in, and participates "in a crime victim's protection program" operated by, the state of New Jersey. Second Am. Compl. ¶ 5. In April 2017, Doe allegedly called the Victims of Immigration Crime Engagement (VOICE)

---

[1] Although Doe also asserts a Privacy Act claim in her Second Amended Complaint, *see* Second Am. Compl. ¶¶ 27–30, Dkt. 14, she concedes this claim in her opposition to the government's motion to dismiss, *see* Pl.'s Opp'n to Def's Mot. to Dismiss ("Pl.'s Opp'n") at 1, 7, Dkt. 16. The Court will therefore dismiss her Privacy Act claim. *See Grissom v. District of Columbia*, 853 F. Supp. 2d 118, 125 (D.D.C. 2012).

[2] These facts are drawn solely from Doe's Second Amended Complaint. *See Ctr. for Responsible Sci. v. Gottlieb*, 311 F. Supp. 3d 5, 8 (D.D.C. 2018) (at the motion to dismiss stage, the Court must treat "factual allegations as true and must grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged") (internal quotation marks and alterations omitted).

hotline, which was created by the Department of Homeland Security (DHS) to "provide proactive, timely, adequate, and professional services to victims of crimes committed by removal aliens." *Id.* ¶ 10. Doe alleges that DHS represented to her—through its website and through statements made during her call to the VOICE hotline—that "it would not disclose information provided through the VOICE hotline" and "that callers to the VOICE hotline would remain anonymous." *Id.* ¶¶ 12–13. Accordingly, Doe allegedly disclosed information "about her former husband, [and] her allegations concerning his immigration," during the call. *Id.* ¶ 13. She also disclosed her phone number, date of birth, and social security number. *Id.* Unbeknownst to Doe, however, U.S. Immigrations and Customs Enforcement (ICE) allegedly "posted detailed call logs of calls to the VOICE hotline . . . to its website." *Id.* ¶ 15. Doe alleges that these call logs became publicly available "after April 10, 2017" and remained on the website "until at least October 3, 2017." *Id.* Doe also claims that, in response to Freedom of Information Act requests, DHS disclosed her name and other private information to multiple news outlets in 2017. *Id.* ¶¶ 16–22.

Doe filed this action on October 30, 2020, *see* Compl., Dkt. 3, and has twice amended her complaint, *see* Am. Compl., Dkt. 12; Second Am. Compl. Thereafter, the government moved to dismiss Doe's Second Amended Complaint, *see* Def.'s Mot. to Dismiss, and that motion is now ripe for review.

## II. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal law empowers federal district courts to hear only certain kinds of cases, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377

(1994). When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine [the] jurisdictional questions." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted). A court that lacks jurisdiction must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

## III. ANALYSIS

The Federal Tort Claims Act ("FTCA") extends a limited waiver of sovereign immunity, providing a remedy against the federal government for certain torts committed by federal employees in the scope of their employment. *See* 28 U.S.C. §§ 1346(b), 2680 (listing exceptions); *Sloan v. U.S. Dep't of Housing & Urb. Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001). Under the FTCA, "an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). To exhaust administrative remedies under the FTCA, the plaintiff must have presented the agency with "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim," *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987), and the agency must have either denied the claim in writing or failed to provide a final disposition within six months of the filing of the claim, *id.* at 905–06. Because this exhaustion requirement is jurisdictional, *id.* at 904, the plaintiff bears the burden of proving by a preponderance of the evidence that it has been satisfied, *see Hammond v. Fed. Bureau of Prisons*, 740 F. Supp. 2d 105, 110–12 (D.D.C. 2010).

Though Doe alleges in her complaint that she exhausted her administrative remedies before instituting this action under the FTCA, *see* Second Am. Compl. ¶ 26, record evidence reveals otherwise, *see Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (the court "may undertake an independent investigation" that examines "facts developed in the record beyond the complaint" in order to "assure itself of its own subject matter jurisdiction." (internal quotation marks omitted)). Doe's attorneys attest that in April 2019 they prepared a written SF-95 Form and other documents to present Doe's claim to DHS, Wilson Decl. ¶ 3, Dkt. 16-1; Ehrenberg Decl. ¶ 3, Dkt. 16-1, and would have sent "the presentment and related documents via certified mail" as part of their "regular course of business," Ehrenberg Decl. ¶ 6. But Doe's attorneys also admit they are not "in possession of a return receipt of the certified mailing," *id.* ¶ 7; *see also id.* (speculating that the return receipt "likely was misplaced in the turmoil of the Covid-19 pandemic"), or any confirmation of receipt from DHS or ICE.[3] *See generally* Wilson Decl; Ehrenberg Decl. The government, for its part, has submitted multiple declarations attesting that neither DHS nor ICE have a record of Doe submitting "any FTCA administrative claims." Ohrvall Decl. ¶ 3, Dkt. 15-2; McCleary Decl. ¶ 6, Dkt. 15-3. It thus appears that Doe's attorneys "may have prepared a written FTCA claim, [but] missing from [her] submissions is the required showing that [DHS or ICE] actually received the claim." *Davis v. United States*, 944 F. Supp. 2d 36, 39 (D.D.C. 2013).

Even assuming that Doe's attorneys prepared and mailed her FTCA claim, that "is not sufficient to comply with [the] FTCA." *Id.* (citations omitted). To satisfy her burden, Doe must

---

[3] Indeed, one of Doe's attorneys sent "a follow up inquiry" to DHS in October 2019 because they "had not been advised of any response to [the] presentment." Wilson Decl. ¶ 5. This inquiry was initially returned as undeliverable because it was missing "the last line of the address" for DHS. *Id.* ¶ 6.

"show that [the] agency actually *received* the claim." *Id.* (emphasis added); *see also Medina v. City of Philadelphia*, 219 F. App'x 169, 173 (3d Cir. 2007) ("[A]n attorney's affidavit, standing alone, indicating that she mailed an administrative claim, is insufficient to prove presentment of such claim to the appropriate federal agency."). Doe has not met her burden, and therefore, dismissal of her FTCA claim is appropriate. *See, e.g.*, *Mensah-Yawson v. Raden*, 170 F. Supp. 3d 222, 233 (D.D.C. 2016) (dismissing FTCA claim where the plaintiff did not establish that his administrative claim was actually submitted to the agency).

Nonetheless, Doe argues that the Court should allow for jurisdictional discovery, rather than dismiss her FTCA claim, because it "is plausible that a government agency might [have] mishandle[d] a particular mailing" or that Doe's claim was "flagged for some sort of individualized treatment." Pl.'s Opp'n at 4. "[I]n order to get jurisdictional discovery, a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court" has jurisdiction over the action. *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998).

Here, DHS and ICE attest that they searched their records for claims made by Doe and her counsel. *See* Ohrvall Decl. ¶¶ 1–3; McCleary Decl. ¶¶ 3–6. And Doe has offered no reason to believe those searches were inadequate. *See generally* Pl.'s Opp'n. Indeed, Doe concedes that the agencies searched "where [a] record of such a presentment is supposed to reside." *Id.* at 4. Because Doe has "not provided any concrete evidence that explains" how jurisdictional discovery "is likely to uncover proof that [DHS or ICE] received [her claim]," *Barber v. United States*, 642 F. App'x 411, 415 (5th Cir. 2016); *see also Buzzanca v. District of Columbia*, No. 18-cv-2893, 2021 WL 796275, at *3 (D.D.C. Mar. 2, 2021), jurisdictional discovery is not

warranted. The Court will dismiss Doe's FTCA claim for lack of subject matter jurisdiction, *see Hammond*, 740 F. Supp. 2d at 111–12.

## CONCLUSION

For the foregoing reasons, the Court grants the defendant's motion to dismiss. A separate order consistent with this decision accompanies this memorandum opinion.

*Dabney L. Friedrich*
DABNEY L. FRIEDRICH
United States District Judge

July 13, 2021